UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:23-CV-53

| | |
|---|---|
| NATHALIE FRAZIER, | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) **COMPLAINT** |
| HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, | ) |
| Defendant. | ) |

# COMPLAINT

1. Plaintiff, Nathalie Frazier (hereinafter "Frazier"), is a citizen and resident of Craven County, North Carolina.

2. Plaintiff Frazier was employed as a manufacturing operator by SmithKline Beecham Corporation, a GlaxoSmithKline Company (hereinafter "GSK").

3. As an employee of GSK, Plaintiff Frazier was covered under the GSK Long Term Disability Plan (hereinafter the "LTD Plan") under a group disability policy No. GLT674902.

- 1 -

4. Upon information and belief, Defendant Hartford Life and Accident Insurance Company (hereinafter "Hartford") is a properly organized business entity organized and existing under the laws of the State of Connecticut.

5. Upon information and belief, the LTD Plan policy No. GLT674902 (hereinafter the "LTD Policy"), is a bona fide employee benefit covered under Section 502(a) of the Employee Retirement Income Security Act of 1974 ("ERISA").

6. Upon information and belief, the Plan Administrator of the LTD Plan is GSK (hereinafter "LTD Plan Administrator").

7. Upon information and belief, the LTD Plan Administrator has totally delegated the function of determining disability under the LTD Plan to Defendant Hartford.

8. Upon information and belief, Defendant Hartford is a fiduciary of the LTD Plan.

9. Upon information and belief, the LTD Plan provides that Defendant Hartford has the authority to accept applications under the LTD Plan, to allow benefits under the LTD Plan, to deny benefits under the LTD Plan, and to terminate benefits under the LTD Plan.

10. Upon information and belief, Defendant Hartford makes the benefit determinations for the LTD Plan at issue in this claim.

## JURISDICTION AND VENUE

11. This court has jurisdiction to hear this claim pursuant to 28 U.S.C. § 1131, in that the claim arises under the laws of the United States. Specifically, Plaintiff Frazier brings this action to enforce her rights under ERISA, 28 U.S.C. § 1132. Venue in the Eastern District of North Carolina is appropriate because the employee currently lives in this district, because Defendant Hartford does business in this district, and many of the actions complained of occurred in this district.

## FACTUAL SUMMARY

12. At all times relevant to this action Plaintiff Frazier was a covered beneficiary under the LTD Policy she received as an employee benefit under her employment with GSK.

13. Upon information and belief, Defendant Hartford is obligated to furnish disability benefits to qualified LTD Plan beneficiaries according to the terms of the LTD Policy.

14. Plaintiff Frazier worked as a manufacturing operator at GSK until June 23, 2009.

15. Plaintiff Frazier subsequently became disabled under the terms of the LTD Plan due to accident and/or sickness and submitted a claim for long-term disability benefits to Defendant Hartford.

16. Defendant Hartford processed Plaintiff Frazier's claim for long-term disability benefits (hereinafter "LTD Disability Benefits") and approved her claim for LTD Disability Benefits from a physical perspective from February 20, 2010, through March 3, 2021, under the terms of the LTD Plan.

17. Defendant Hartford improperly terminated Plaintiff Frazier's LTD Disability Benefits from a physical perspective effective March 4, 2021.

18. Plaintiff Frazier pursued administrative remedies under the LTD Plan and timely submitted further medical and vocational evidence demonstrating that she continued to meet the LTD Plan's definition of "disability" from a physical perspective after March 3, 2021, and that she continued to be entitled to ongoing LTD Disability Benefits from a physical perspective under the term of the LTD Plan after March 3, 2021.

19. Defendant Hartford was furnished unrefuted medical documentation that Plaintiff Frazier continued to suffer from an injury and/or sickness that continued to disable her from a physical perspective from March 4, 2021, to the present.

20. Plaintiff Frazier exhausted her administrative remedies, and her claim is ripe for judicial review pursuant to 29 U.S.C. § 1132.

21. Defendant Hartford has wrongfully terminated LTD Plan benefits to Plaintiff Frazier in violation of the LTD Plan and ERISA for the following reasons:

a. Plaintiff Frazier was disabled under the LTD Plan in that she was unable to work and that she continued to meet the definition of "disabled" from a physical perspective under the LTD Plan from March 4, 2021, to the present;

b. Defendant Hartford failed to afford Plaintiff Frazier a full, fair, and impartial review of her disability benefits claim from a physical perspective.

WHEREFORE, Plaintiff Frazier prays that the court:

1. Grant Plaintiff Frazier declaratory and injunctive relief finding that she is entitled to LTD Disability Benefits under the terms of the LTD Plan from a physical perspective after March 3, 2021, and that Defendant Hartford be ordered to pay all benefits according to the terms of the LTD Plan;

2. Enter an Order awarding Plaintiff Frazier all reasonable attorney's fees and expenses incurred as a result of Defendant Hartford's wrongful

termination of Plaintiff Frazier's LTD Benefits from a physical perspective; and

3. Enter an award for such other relief as may be just and proper.

This the 25th day of March 2023.

**JONATHAN P. MILLER**

**/s/Jonathan P. Miller**
Jonathan P. Miller
N.C. Bar # 35887
1213 Culbreth Drive
Wilmington, NC 28405
Telephone: (910) 509-7148
Facsimile: (910) 509-7149
Email: jpm@jonathanmillerlaw.com

*Attorney for Plaintiff*